# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TONY MORRIS BRANDON,

    Plaintiff

v.

HDSP MEDICAL UNIT, et al.,

    Defendants

Case No.: 2:20-cv-00113-APG-VCF

**Order**

Plaintiff Tony Brandon initiated this action while he was in the custody of the Nevada Department of Corrections (NDOC). He has submitted a civil rights complaint under 42 U.S.C. § 1983 and state law. ECF No. 1-1. He also has filed an application to proceed *in forma pauperis* for non-prisoners. ECF No. 6. I grant Brandon leave to proceed without prepayment of fees or costs under 28 U.S.C. § 1915(a)(1). I screen the complaint under 28 U.S.C. § 1915A.

## I.  SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the

1  Constitution or laws of the United States, and (2) that the alleged violation was committed by a

2  person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

3        In addition to the screening requirements under § 1915A, the Prison Litigation Reform

4  Act (PLRA) requires a federal court to dismiss an incarcerated person's claim if "the allegation

5  of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which

6  relief may be granted, or seeks monetary relief against a defendant who is immune from such

7  relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which

8  relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court

9  applies the same standard under § 1915 when reviewing the adequacy of a complaint or an

10  amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be

11  given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear

12  from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato*

13  *v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

14        Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v.*

15  *Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is

16  proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that

17  would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In

18  making this determination, the court takes as true all allegations of material fact stated in the

19  complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw*

20  *v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to

21  less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S.

22  5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations,

23  a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    SCREENING OF COMPLAINT

Brandon asserts two claims and seeks damages against the H.D.S.P. Medical Unit and the S.D.C.C. Medical Unit as well as High Desert State Prison and Southern Desert Correctional Center for events that allegedly took place while he was incarcerated by the NDOC.[1] ECF No. 1-

---

[1] The caption lists the H.D.S.P. Medical Unit and the S.D.C.C. Medical Unit as defendants but does not list these entities as in the portion of the complaint form reserved for listing the defendants.  Instead, although the caption does not include High Desert State Prison or Southern

1 at 1-2, 4, 10.  He alleges violations of both the United States Constitution and the Nevada

Constitution. *Id.* at 4, 6.

High Desert State Prison and Southern Desert Correctional Center are inanimate

buildings, not people or entities subject to liability. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-

00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011) (finding that "[t]he law defines

persons as including natural persons (*i.e.*, human beings) as well as corporations and political

subdivisions.  However, objects such as buildings do not fit within this definition.").  I therefore

dismiss with prejudice all the claims against High Desert State Prison and Southern Desert

Correctional Center with prejudice, as amendment would be futile.

The H.D.S.P. Medical Unit and the S.D.C.C. Medical Unit are not subject to suit for

purposes of 42 U.S.C. § 1983.  That is because states and arms of the state, such as prison

medical departments, are not persons subject to suit for purposes of § 1983. *See Will v. Michigan*

*Dep't of State Police*, 491 U.S. 58, 65 (1989) (states not subject to suit for purposes of § 1983);

*Maciel v. Rowland*, 5 F.3d 537 (9th Cir. 1993) (prison medical department not subject to suit for

purposes of § 1983).  I therefore dismiss with prejudice the § 1983 claims against the H.D.S.P.

Medical Unit and the S.D.C.C. Medical Unit, as amendment would be futile.  Furthermore,

because of sovereign immunity under the Eleventh Amendment, Brandon may not sue these

entities for state law violations in federal court. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

1989).  I therefore dismisses without prejudice and without leave to amend, the state law claims

against the H.D.S.P. Medical Unit and the S.D.C.C. Medical Unit.

---

Desert Correctional Center, those two entities are the only entities listed as defendants in the spaces the complaint form provides for the names of defendants. ECF No. 1-1 at 1-2.  I will treat all of these entities as defendants.  However, as discussed below, none of these entities is a proper defendant in a § 1983 action.

### A.   United States Constitutional Claims

I have dismissed all of the federal claims with prejudice.  I will, however, give Brandon leave to amend the complaint to allege claims against proper individuals who are subject to suit. Neither the State of Nevada nor the NDOC are subject to suit in this action.  Furthermore, a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Thus, a prison official may <u>not</u> be held liable merely because that official's subordinate violated the Brandon's constitutional rights.  If Brandon chooses to amend his complaint, he <u>must</u> name as defendants individuals who are subject to suit and personally violated his civil rights.  For <u>each</u> defendant and for <u>each</u> § 1983 claim, he must allege true <u>facts</u> sufficient to show that the particular defendant violated a particular constitutional right. Collective and conclusory allegations will not be sufficient.

Before deciding whether to file an amended complaint, Brandon is encouraged to determine whether he really can state a colorable claim for each constitutional amendment he relies upon in the amended complaint.  For example, Brandon's complaint twice asserts that his rights under the Fifth Amendment were violated. ECF No. 1-1 at 4, 5.  But the Fifth Amendment's Due Process Clause applies to the federal government, not to the states or state officials, while the Fourteenth Amendment's Due Process Clause applies to the states and state officials. *See Castillo v. McFadden,* 399 F.3d 993, 1002 n.5 (9th Cir. 2005).  There is no basis in any of the factual allegations in the complaint for Brandon to invoke the Fifth Amendment.

Similarly, Brandon also repeatedly asserts that his rights under the Sixth Amendment have been violated. ECF No. 1-1 at 4, 5.  But the Sixth Amendment applies only to criminal prosecutions. *United States v. Hall*, 419 F.3d 980, 986 (9th Cir. 2005).  There is no basis in this case for Brandon to invoke the Sixth Amendment.

The complaint refers to the Fourteenth Amendment but does not make clear whether Brandon is relying on a due process theory or equal protection theory for liability.  If Brandon amends his complaint, he must make it clear what his theory of liability is and must allege true <u>facts</u> sufficient to show that a <u>particular</u> defendant violated that <u>particular</u> constitutional right. To assist Brandon in determining what theories of liability to pursue, if any, and which true facts to allege in any amended complaint, I will provide some law that may possibly apply.  Brandon should use this law to determine which facts to plead. In any amended complaint, Brandon must allege particular true facts establishing a claim, <u>not</u> law or legal conclusions.  Brandon is advised that, in accordance with Federal Rule of Civil Procedure 8, a plaintiff may not allege facts that are extraneous and not part of the factual basis for the particular constitutional claims he includes in the complaint. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

## A.  *Heck/Wilkinson* **Bar**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court of the United States held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.  "A claim for damages bearing that relationship to a conviction or sentence that has

6

not been . . . invalidated is not cognizable under § 1983." *Id*. at 487.  Therefore, when a state

prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in

favor of the plaintiff would necessarily imply the invalidity of the fact or <u>duration</u> of his

confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate

that the period of confinement already has been invalidated. *Id*.; *Wilkinson v. Dotson*, 544 U.S.

74, 81–82 (2005); *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2013).

Brandon's Complaint alleges he would be kept in prison much longer as a result of

actions taken by prison employees.  In an amended complaint, if his constitutional claim is based

on allegations that he necessarily and inevitably served more time in prison as a result of the

allegedly unconstitutional actions, Brandon must show that the duration of his confinement

already has been invalidated by another court.  If he fails to comply with this requirement, I will

dismiss the claim regardless of whether the allegations otherwise state a constitutional claim.

### B.  Fourteenth Amendment Law

In the event that Brandon's claims are not barred by *Heck* and *Wilkinson*, Brandon must

allege facts that are sufficient to state a colorable claim under applicable law.

#### 1.  Fourteenth Amendment Due Process Law

As discussed above, a Fourteenth Amendment due process claim must allege facts

sufficient to show that a <u>particular</u> defendant violated Brandon's right to due process.  He may

not hold someone vicariously liable for another person's unconstitutional conduct.

A mere violation of state law and prison regulations does not constitute a due process

violation. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011).  To establish a due process claim, a

plaintiff must prove that a defendant deprived him of a constitutionally protected liberty or

property interest <u>and</u> that the defendant did so without the constitutionally required procedural

requirements such as an opportunity to be heard before the defendant deprives the plaintiff of the specified liberty or property interest. *Id.* at 219. The defendant must have *deliberately* denied the plaintiff of the particular liberty or property interest; a lack of due care or negligence is not sufficient. *Daniels v. Williams*, 474 U.S. 327, 331–32 (1986).

Prisoners have no constitutional right to a particular classification or housing assignment, even if the prison assignment is much more disagreeable than another prison facility. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *see also Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). A prisoner also has no constitutional right to a job. *Collins v. Palczewski*, 841 F.Supp. 333, 336, 340 (D. Nev. 1993).

### 2.      Fourteenth Amendment Equal Protection Law

In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Conclusory allegations of motive are insufficient; specific, non-conclusory factual allegations are required. *Jeffers v. Gomez*, 267 F.3d 895, 913-14 (9th Cir. 2001). "Similarly situated" persons are those "who are in all relevant respects alike." *Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992).

Here, Brandon does not allege that he was discriminated against based on membership in a protected class such as race. In *Olech*, the Supreme Court explicitly addressed whether the Equal Protection Clause gives rise to a cause of action where the plaintiff did not allege membership in a class or group. 528 U.S. at 564. The Supreme Court ruled in the affirmative and "recognized successful equal protection claims brought by a 'class of one,' where the

plaintiff alleges that she has been *intentionally* treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* (emphasis added).

Although the Supreme Court has acknowledged such a theory, it has held that the theory applies only in certain limited circumstances; it does not apply when the state actions "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 603 (2008) (holding that the class-of-one theory does not apply in the public employment context); *see also Towery v. Brewer*, 672 F.3d 650, 660–61 (9th Cir. 2012). "[A]llowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such officials are entrusted to exercise." *Engquist*, 553 U.S. at 604 (recognizing that a traffic officer does not violate the Equal Protection Clause merely because the officer gives tickets to only some speeding drivers); *see also Dawson v. Norwood*, No. 1:06-CV-914, 2010 WL 2232355, at *2 (W.D. Mich. June 1, 2010) (the class-of-one equal protection theory has no place in the prison context where a prisoner challenges *discretionary* decisions regarding security classifications). The Supreme Court has recognized that the problem with allowing class-of-one claims to go forward in a context where government officials are necessarily making subjective, individualized decisions is that the government will be forced to defend a multitude of such claims and courts will be obliged to go through them in search of the rare needle in a haystack. *Engquist*, 553 U.S. at 608-09. Thus, a person cannot state an equal protection claim merely by dividing all persons not injured into one class and alleging that they received better treatment than the plaintiff did. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Furthermore, because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

9

1   violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  A supervisor's

2   knowledge of a subordinate's discrimination is not sufficient to show discrimination by the

3   supervisor. *Id.*  To state a claim for a supervisor's discrimination, a plaintiff must go beyond

4   pleading facts showing that the defendant supervisor knew of discrimination and its

5   consequences; the plaintiff must allege facts sufficient to show that the supervisor took action or

6   inaction for the purpose of discriminating against the plaintiff. *Id.* at 676-77.

7           To adequately plead a discriminatory purpose, the plaintiff must allege facts sufficient to

8   show that a decisionmaker took a particular course of action because of, not merely in spite of,

9   the adverse effects. *Id.* at 676–77.  Thus, negligence or lack of due care cannot be the basis for an

10  equal protection claim.

11      **B.  Nevada Constitutional Claims**

12          The complaint alleges that Brandon's rights under Article I, § 8 of the Nevada

13  Constitution were violated. ECF No. 1-1 at 4, 6.  As discussed above, I am dismissing all the

14  claims against the defendants.  To assist Brandon in determining whether to bring any state law

15  claims in an amended complaint, I advise Brandon of some potentially applicable law.

16          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a right secured by the

17  Constitution or laws of the United States was violated. *West v. Atkins*, 487 U.S. 42, 48 (1988).

18  Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County*

19  *of Los Angeles,* 477 F.3d 652, 662 (9th Cir. 2007).  Although this court does not generally have

20  original jurisdiction over state law claims involving only residents of Nevada, it may exercise

21  supplemental jurisdiction over a plaintiff's state-law claims if the claims are so related to the

22  federal claims over which the court has original jurisdiction that they form part of the same case

23  or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

1   However, the court may decline to exercise supplemental jurisdiction over such state law claims

2   under some circumstances, including circumstances where the court has dismissed all federal

3   claims over which it has original jurisdiction or where the state law claims are likely to

4   predominate over the federal claims. 28 U.S.C. § 1367(c).  Furthermore, if a plaintiff wishes to

5   bring only state law claims against NDOC employees, he <u>must</u> do so in state court.

6        The Due Process Clause of Article I, Section 8(5) of the Nevada Constitution is

7   coextensive with the Due Process Clause of the Fourteenth Amendment, so the same legal

8   requirements would apply to any state law due process claim. *Wyman v. State*, 217 P.3d 572, 578

9   (2009); *Williams v. State*, No. 65761, 2015 WL 4712111, at *4 (Nev. App. July 31, 2015).

10       **C.   Leave to Amend**

11       I grant Brandon leave to file an amended complaint to cure the deficiencies of the

12   complaint.  If he chooses to file an amended complaint, he is advised that an amended complaint

13   supersedes (replaces) the original complaint and, thus, the amended complaint must be complete

14   in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th

15   Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant;

16   an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896,

17   928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required

18   to reallege such claims in a subsequent amended complaint to preserve them for appeal).

19   Brandon should file the amended complaint on this court's approved prisoner civil rights form,

20   and it must be entitled "First Amended Complaint."  For <u>each</u> cause of action and <u>each</u>

21   defendant, he must allege <u>facts</u> sufficient to show that the defendant violated Brandon's civil

22   rights.  Brandon may not amend the complaint to add unrelated claims against other defendants.

23

1  Furthermore, an amended complaint may not include claims based on events that have taken

2  place since the original complaint was filed.

3        If Brandon chooses to file an amended complaint curing the deficiencies as outlined in

4  this order, he must file the amended complaint **by December 24, 2020**.  If Brandon does not

5  timely file an amended complaint, this action will be dismissed with prejudice for failure to state

6  a claim.

7  **III.      CONCLUSION**

8        I THEREFORE ORDER that Brandon's application to proceed in district court without

9  prepaying fees or costs **(ECF No. 6) is granted**.

10        I FURTHER ORDER the Clerk of the Court to file the complaint (ECF No. 1-1) and send

11  Brandon a courtesy copy of the complaint.

12        I FURTHER ORDER that the claims against High Desert State Prison and Southern

13  Desert Correctional Center are dismissed with prejudice, as amendment would be futile.

14        I FURTHER ORDER that the § 1983 federal claims against the H.D.S.P. Medical Unit

15  and the S.D.C.C. Medical Unit are dismissed with prejudice as amendment would be futile.

16        I FURTHER ORDER that the state constitutional claims against the H.D.S.P. Medical

17  Unit and the S.D.C.C. Medical Unit are dismissed without prejudice but without leave to amend.

18        I FURTHER ORDER that Brandon may file an amended complaint to allege claims

19  against defendants who are properly subject to suit.  If Brandon chooses to file an amended

20  complaint curing the deficiencies of his complaint as outlined in this order, he must file the

21  amended complaint **by December 24, 2020**.

22        I FURTHER ORDER the Clerk of the Court to send to Brandon the approved form for

23  filing a § 1983 complaint and instructions for the same.  If Brandon chooses to file an amended

complaint, he should use the approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

I FURTHER ORDERED that, if Brandon fails to file a timely amended complaint, this action shall be dismissed with prejudice.

Dated: November 20, 2020

_____
U.S. District Judge